UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Sarprio Doranti, | Case No. 22-cv-1964 (WMW/DTS) |
| Plaintiff, | |
| v. | **ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER** |
| Terry Kniesel, et al., | |
| Defendants. | |

---

This matter is before the Court on Plaintiff Sarprio Doranti's objections, (Dkt. 28), to the November 9, 2022 Order of United States Magistrate Judge David T. Schultz, (Dkt. 26), denying Doranti's motion to appoint counsel. For the reasons addressed below, the Court overrules Doranti's objections and affirms the magistrate judge's Order.

## BACKGROUND

Doranti, who is confined as part of the Minnesota Sex Offender Program (MSOP), commenced this action on August 4, 2022, by filing a complaint against 14 MSOP staff members in their individual and official capacities. Doranti subsequently filed an amended complaint seeking damages and injunctive relief based on Defendants' alleged inhumane treatment of Doranti. In October 2022, Doranti filed a motion seeking appointment of counsel, which the magistrate judge denied. Doranti now objects to the magistrate judge's Order denying him appointed counsel.

## ANALYSIS

A district court must consider timely objections to a magistrate judge's ruling on a nondispositive pretrial matter and shall modify or set aside any part of the magistrate judge's ruling that is either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A);

Fed. R. Civ. P. 72(a); LR 72.2(a)(3); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). A magistrate judge's ruling is clearly erroneous when, after examining the entire record, the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (internal quotation marks omitted). A magistrate judge's ruling is contrary to law when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (internal quotation marks omitted). When reviewing an appeal of a magistrate judge's ruling on a nondispositive issue, the district court's standard of review is "extremely deferential." *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008).

There is neither a constitutional right nor a statutory right to appointed counsel in a civil case. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). But in its discretion, a district court may appoint counsel to represent an indigent prisoner in a civil case. *Id.* When considering such a motion, lower courts assess "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Id.*

Here, after considering these factors, the magistrate judge denied Doranti's motion seeking appointed counsel. The magistrate judge found that Doranti has the threshold ability to articulate his claims and to argue his positions, and that Doranti's submissions in this matter demonstrate his ability to communicate effectively with the Court. The magistrate judge also found that neither the facts nor the legal issues in this case are so complex as to warrant the appointment of counsel. The record supports each of these

findings.  Doranti has successfully applied to proceed *in forma pauperis*, filed an initial and amended complaint, filed motions, legal memoranda and exhibits and objected to decision of the magistrate judge.  Doranti's written submissions include detailed factual recitations and citations to case law, statutes and constitutional provisions.  And Doranti has not demonstrated that the factual or legal issues in this case are so complex as to warrant the appointment of counsel.  Although the Court considers Doranti's arguments in his objections that he has limited education and that his current confinement limits his ability to pursue his case, the Court finds that Doranti's numerous filings in this case demonstrate his ability to pursue his case without the assistance of appointed counsel.  The Court therefore determines that the magistrate judge's order is neither contrary to law nor clearly erroneous.  *See, e.g.*, *Ferguson*, 484 F.3d at 1076.  Accordingly, the Court overrules Doranti's objections.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Sarprio Doranti's objections, (Dkt. 28), are **OVERRULED**.

2. The magistrate judge's November 9, 2022 Order, (Dkt. 26) is **AFFIRMED**.


Dated:  January 5, 2023                                         s/Wilhelmina M. Wright
                                                                              Wilhelmina M. Wright
                                                                              United States District Judge